ERIC BENSAMOCHAN, Esq.  SBN 255482
**BENSAMOCHAN & POGHOSYAN LLP**
20501 Ventura Blvd., Ste 130
Woodland Hills, CA  91364
Tel. (818) 574-5740
Fax (818) 961-0138
eric@bnpllp.com

Counsel for Debtor:  JUAN MANUEL MONTANEZ

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA BARBARA DIVISION

In re:

JUAN MANUEL MONTANEZ

Debtor.

Case No. **9:12-bk-10834-RR**

Chapter 11

**MOTION FOR ORDER APPROVING LOAN MODIFICATION AGREEMENT OR FOR AN ORDER PERMITTING THE PARTIES TO ENTER INTO SUCH AN AGREEMENT.**

Date:  09/03/2013
Time:  10:00 AM
Crtrm:  201
Place: 1415 State Street
       Santa Barbara, CA  93101

TO: **THE HONORABLE ROBIN RIBLET, THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES**:

**COMES NOW** the debtor, Juan Mnauel Montanez by and through counsel, and does hereby move the Court for an Order granting debtor's motion for order approving loan modification agreement or for an order permitting the parties to enter into such an agreement. This matter is brought as the lender, Ocwen Loan Servicing, LLC has

1

requested Bankruptcy Court Approval for the offered Loan Modification in order to be approved.

## I.
## INTRODUCTION

The case was filed to save real property located at 329 N Quarentina Street Santa Barbara, CA 91364 (hereinafter "subject property"). The subject property was purchased by Debtor on or about July 2005 as his primary residence.

The lien of the first deed of trust is presently held and serviced by Ocwen Loan Servicing, LLC. Debtor believes the lien of the first deed of trust is at least $599.095.76 based on a statement debtor received prior to the filing of his case. Debtor has been negotiating with Ocwen Loan Servicing, LLC for some time now completing paperwork and sending evidence of his income and expenses.

Consequently, Ocwen Loan Servicing, LLC has agreed to modify the terms of the loan has offered a proposed loan modification to the Debtor. See the proposed terms attached **Exhibit "A."** However, the loan modification must be consented by this Honorable Court to take effect and debtor has been asked to file a motion for such authority.

## II.
## ARGUMENT

## NO PARTY WILL BE PREJUDICED BY
## AUTHORZING THE DEBTORS TO ENTER INTO THE LOAN MODIFICATION

The Ninth Circuit has previously held that, AA Bankruptcy Court has continuous powers to vacate or modify its own orders, if no intervening or vested rights are

Case 9:12-bk-10834-PC    Doc 66    Filed 07/02/13    Entered 07/02/13 15:32:52    Desc
Main Document    Page 3 of 16

disturbed.@ In re: Casaudoumecq 46 F.Supp. 718, 723 (S.D. Cal. 1942), citing Federal Land Bank v. Hansen, 113 F.2d 82; Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131; In re: Price, 99 F.2d 691; and cited with approval in In re: Johns Clay & Co., 43 B.R. 797, 806-07 (Bankr. D. Utah, 1984).

In this case, the debtor's property is encumbered by a first deed of trust held by lender, Ocwen Loan Servicing, LLC. Debtor is involved in a loan modification with Ocwen Loan Servicing, LLC. A proposed loan modification has been mutually agreed between Ocwen Loan Servicing, LLC and Debtor (see attached **Exhibit "A"**). However, consent from this Honorable Court is required to finalize the instant loan modification. Approval of debtor's requested loan modification would not prejudice eithe Ocwen Loan Servicing, LLC or any other creditors to be paid via Debtor's proposed Chapter 13 Plan.

Moreover, debtor is current with his post-petition mortgage payments and plan payments. However, debtor's financial situation would be greatly improved and continued feasibility of debtor's proposed Chapter 11 plan enhanced if the loan modification is approved. If this matter is heard and an order entered, no party will be prejudiced or will have substantially changed their position.

///
///
///
///
///
///
///
///
///

## III.

## CONCLUSION

Based on the foregoing, it is respectfully requested that the Court consider the proposed modification as offered by Ocwen Loan Servicing, LLC and submitted for consent by this Honorable Court and Grant Debtor's Motion for Order Approving Loan Modification Agreement or for Order Permitting the Parties to Enter Into Such an Agreement, thereby reducing debtor's mortgage payment.

Dated: July 2, 2013                    BENSAMOCHAN & POGHOSYAN LLP


By:    /s/Eric Bensamochan
       Eric Bensamochan, Esq.

       Attorney for Debtor

# DECLARATION OF ERIC BENSAMOCHAN

# IN SUPPORT OF DEBTOR'S MOTION FOR ORDER APPROVING LOAN MODIFICATION AGREEMENT OR FOR AN ORDER PERMITTING THE PARTIES TO ENTER INTO SUCH AN AGREEMENT

I, Eric Bensamochan, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of all of the below statements.

1. I am the attorney for debtors in the instant bankruptcy proceeding, filed on February 29, 2012, Case No. 9:12-bk-10834-RR.
2. Debtor owns the property at 329 N Quarentina Street, Santa Barbara, CA 93103 (hereinafter, the "Property").
3. The first trust deed encumbering the Property is presently held and serviced by Ocwen Loan Servicing, LLC.
4. Ocwen Loan Servicing, LLC has agreed to modify the debtor's first deed on his real property and has proposed a modification which terms are described in the attached **Exhibit "A"** to this motion and declaration.
5. Ocwen Loan Servicing, LLC has informed me that it will process the instant loan modification only upon court approval and consent of the instant loan modification.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed this 2nd day of July, 2013, at Woodland Hills, California.

/s/Eric Bensamochan
ERIC BENSAMOCHAN
ATTORNEY FOR DEBTOR

# EXHIBIT "A"



**OCWEN Loan Servicing, LLC**
1661 Worthington Rd, Suite 100
West Palm Beach, FL 33409
www.ocwen.com

OCWEN

2/15/13

Eric Bensamochan
20501 Ventura Blvd Ste 130
Woodland Hills, CA 91364

Re:     Juan Montanez
        329 N Quarantina Street | Santa Barbara, CA 93103
        Loan Number: 7130803690

Dear Eric Bensamochan:

We understand that you are the attorney representing the above referenced borrower(s). Since our goal is successful homeownership, we are enclosing a Trial Period Plan offer package of information about a new loan modification program for review and consideration by you and the borrower(s). If the borrower would like to speak with us directly about this or other available loss mitigation programs, please complete the enclosed Attorney Authorization Form for Customers in Active Bankruptcy and fax to us at (407) 737-5199. Upon satisfactory completion of the Trial Period Plan, including timely remittance of all trial period payments and satisfaction of all other program eligibility requirements, we will be able to offer your client a permanent loan modification. This offer will be subject to court approval.

If you have any questions please call us at 1-800-746-2936.

Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*
OLS#7130803690                                                                                            NMLS # 1852

RECORDING REQUESTED BY:
Ocwen Loan Servicing, LLC.
1661 Worthington Rd, Suite 100
West Palm Beach, FL 33409

Loan #: 7130803690

_____ *SPACE ABOVE THIS LINE FOR RECORDER'S USE* _____

# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between Juan Montanez, (the "Borrower(s)") and Ocwen Loan Servicing, LLC ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), and (2) the Note bearing the same date as, and secured by, the Security Instrument (the "Note") which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 329 N Quarantina Street, Santa Barbara, CA 93103.

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) Security Instrument on the Property and (2) the Note secured by the Security Instrument, and any previous modifications to the Security Instrument and/or Note. The Security Instrument and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

I have received three copies of this Agreement. After I sign and return two notarized copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

   I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

   A. The property is currently occupied and there has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow.

   B. Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Modification, are true and correct to the best of my information and belief.

   C. I have made all payments required under a trial period plan or loan workout plan.

   D. I received a discharge in a Bankruptcy proceeding after the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

MODIFICATION AGREEMENT – Single Family/DOJ Settlement with Forgiveness (C3_3909 rev. 6/12 rev 10-15-12 PAS Ocwen Loan Servicing, LLC.)
*(page 11 of 5 pages)*
OLS# 7130803690

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (1) I return a signed and notarized (if required) copy of this Agreement to Lender, (2) the Lender accepts this Agreement by signing it, and (3) the Modification Effective Date (as defined in Section 3 below) has occurred, and (4) if I am in active bankruptcy, the bankruptcy court approves it.

3. **The Modification.** If all of my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on 6/1/2013 (the "Modification Effective Date").

   A. As part of this Modification, I agree that all amounts and arrearages that are or will be past due as of the Modification Effective Date, including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, (collectively "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan, will be added to the current principal balance of the Note. This combined principal balance will be $775,106.44 (the "Combined Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

   B. $460,606.44 of the Combined Principal Balance is hereby permanently forgiven, and will be deducted from the Combined Principal Balance and I understand that I will no longer be responsible for repayment of such amount to Lender. I further acknowledge that Lender may be required to report the amount of principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Lender has recommended that I consult my own tax advisor to determine how this forgiveness impacts my personal situation.

   C. As of the Modification Effective Date the principal balance of the loan that remains due and payable is $314,500.00 (the "New Principal Balance").

   D. Interest at the rate of 2% will begin to accrue on the New Principal Balance as of 5/1/2013 and the first new monthly payment on the New Principal Balance will be due on 6/1/2013. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Type of Payment | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|---|
| [1]-[5] | 2 % | 5/1/2013 | Principal and Interest | $ 952.39 | $ 357.20, may adjust periodically | $1,309.59, may adjust periodically | 6/1/2013 | 60 |
| [6] | 3 % | 5/1/2018 | Principal and Interest | $1,104.61 | May adjust periodically | May adjust periodically | 6/1/2018 | 12 |
| [7]-[40] | 3.59% | 5/1/2019 | Principal and Interest | $1,196.02 | May adjust periodically | May adjust periodically | 6/1/2019 | 408 |

   * If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

   The terms in this Section 3.D. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.
   If I have a pay-option adjustable-rate mortgage loan, upon modification, I may no longer exercise the minimum monthly payment option, the interest-only option, or any other payment option. As a result, the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not allow negative amortization, which would have (1) allowed me to pay less than the interest and principal due and (2) resulted in the unpaid interest added to the outstanding principal balance.

   E. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

MODIFICATION AGREEMENT – Single Family/DOJ Settlement with Forgiveness (C3_3909 rev. 6/12 rev 10-15-12 PAS Ocwen Loan Servicing, LLC.)
(page 12 of 5 pages)
OLS# 7130803690

4. **Additional Agreements.** Lender and I agree to the following:

   A. All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

   B. This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

   C. I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

   D. The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

   E. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

   F. I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

   Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

   G. On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Security Instrument. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand to the extent such action is not prohibited by applicable state and federal law.

   H. On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

   I. On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note)

MODIFICATION AGREEMENT – Single Family/DOJ Settlement with Forgiveness (C3_3909 rev. 6/12 rev 10-15-12 PAS Ocwen Loan Servicing, LLC.)
*(page 13 of 5 pages)*
OLS# 7130803690

that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K. I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. If I elect not to sign any such correction documents, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall, at Lender's sole option, continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement.

L. If the Lender is shown as Mortgage Electronic Registration Systems, Inc. ("MERS"), I acknowledge that MERS is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, 1.888.679.MERS. If the loan has been registered with MERS, MERS (1) has only legal title to the interests granted by the borrower in the mortgage and acts solely as nominee for Lender or other holder of the Note, and such holder's successors and assigns, (2) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and (3) has the right to take any action required of Lender under the Security Instrument, including, but not limited to, releasing and canceling the Security Instrument.

M. I agree and consent to the disclosure of my personal information and the terms of this Modification Agreement by Lender or its agents to (a) governmental authorities, including the U.S. Department of the Treasury and Department of Justice, and their agents, (b) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services this Loan or any subordinate lien on the Property; (c) companies that perform support services in conjunction with this Modification and (d) any HUD-certified housing counselor.

N. If any portion, term, or provision of this Modification is held by a court of competent jurisdiction to be illegal or in conflict with applicable law, the validity of the remaining portions, terms or provision of this Modification shall not be affected, and the rights and obligations of the parties shall be construed and enforced as if this Modification did not conflict with such law and/or did not contain the portion, terms or provision held to be invalid.

I agree and consent to the disclosure of my personal information and the terms of this Loan Modification Agreement by Lender or its agents to (a) governmental authorities, including the U.S. Department of the Treasury and Department of Justice, and their agents, (b) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services this Loan or any subordinate lien on the Property; (c) companies that perform support services in conjunction with this Modification and (d) any HUD-certified housing counselor.

If you are currently in a bankruptcy proceeding or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

If you are currently in a bankruptcy proceeding approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

MODIFICATION AGREEMENT – Single Family/DOJ Settlement with Forgiveness (C3_3909 rev. 6/12 rev 10-15-12 PAS Ocwen Loan Servicing, LLC.)
(page 14 of 5 pages)
OLS# 7130803690

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_Juan Montanez_ (signed)
Juan Montanez

Date: 6/14/13

Date: _____

STATE OF      CALIFORNIA

County Of    SANTA BARBARA

On   JUNE 06, 2013   , before me, RODRIGO GAETE   , Notary Public, personally appeared.

[Notary Seal: RODRIGO GAETE, Commission #1883353, NOTARY PUBLIC-CALIFORNIA, SANTA BARBARA COUNTY, MY COMM. EXPIRES MAR. 18, 2014]

Personally known to me, (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.          Signature: _Rodrigo Gaete_ (signed)

Do Not Write Below This Line

Ocwen Loan Servicing, LLC.

By: _____          Date: _____

Name (Printed)

MODIFICATION AGREEMENT – Single Family/DOJ Settlement with Forgiveness (C3_3909 rev. 6/12 rev 10-15-12 PAS Ocwen Loan Servicing, LLC.)
(page 15 of 5 pages)
OLS# 7130803690

DOJ Summary

| Juan Montanez | Notice Date: 6/4/2013 |
| 329 N Quarantina Street, Santa Barbara, CA 93103 | Loan No.: **7130803690** |

## Loan Modification SUMMARY

Thank you for making your trial period payments. This Loan Modification Summary is intended to be a clear and simple summary of the final loan modification that we are pleased to offer you under the U.S. Department of Justice and State Attorneys General global settlement. The loan modification will help put you in a better position to meet your loan obligation. When you sign and return the enclosed loan modification agreement you are agreeing to a new and permanent loan modification. Please thoroughly review all of the enclosed documents to ensure that you understand the details of your loan modification agreement.

### Summary of Your Modified Loan

Your new loan balance is $314,500.00. To calculate this new loan balance, we added past due interest in the amount of $147,493.35 and eligible servicing expenses of $1,177.50 and taxes and insurance of $25,364.94 totaling $174,035.79 to your principal balance. Unpaid late fees are not included in this amount and will be waived when your loan modification is finalized.

The current interest rate of 8.13% is changing to 2.00% for Year 1 – Year 5. This rate will increase as shown in the section below.

We have forgiven $460,606.44 of the outstanding principal on your loan, which means it will be completely removed from your loan balance and you will no longer owe this amount. This amount will be reported to the Internal Revenue Service. Please consult a tax advisor to determine how this forgiveness impacts your situation.

Your final payment date, which is your existing maturity date, is 6/1/2053.

### Your New Mortgage Payments

Your new total modified monthly mortgage payments of $1,309.59 are made up of principal and interest of $952.39 and an initial escrow amount of $357.20. Escrow payments are collected for payment of items such as property taxes and insurance and may change. We will notify you of any adjustments to the total monthly payment.

Your loan previously included a negative amortization feature that allowed your monthly payments to be lower than the total amount of interest due each month, causing the principal balance to grow. We have removed this feature from your loan.

As shown in the schedule below, your interest rate will increase in steps that will bring your final rate to 3.59% and your total monthly payments to $1,196.02 + Escrow that may adjust periodically. The amount of these payments will change if your escrow payment amount changes.

- For years 1 - 5, beginning 6/1/2013, your interest rate will be 2.00%, with a total monthly payment of $1,309.59. Escrow may adjust periodically.
- For year 6, beginning 6/1/2018, the interest rate will be 3.00% with a Principal and Interest Payment of $1,104.61 + Escrow that may adjust periodically.
- For years 7 - 40, beginning 6/1/2019, the interest rate will be 3.59% with a Principal and Interest Payment of $1,196.02 + Escrow that may adjust periodically.

If you have questions regarding the modification agreement or the steps you must take to complete this process, please call our Customer Care Center at 1-800-746-2936 between Monday to Friday 8 am EST to 9 pm EST, Saturday 8 am EST to 5 pm EST and Sunday 9 am EST to 9 pm EST.

| In re: | CHAPTER: 11 |
|---|---|
| Juan Manuel Montanez                                   Debtor(s). | CASE NUMBER: 9:12-bk-10834-RR |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

20501 Ventura Blvd., Suite 130
Woodland Hills, CA 91364

A true and correct copy of the foregoing document described as   **MOTION FOR ORDER APPROVING LOAN MODIFICATION AGREEMENT OR FOR AN ORDER PERMITTING THE PARTIES TO ENTER INTO SUCH AN AGREEMENT.**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On __7/2/2013__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Brian D Fittipaldi: brian.fittipaldi@usdoj.gov
United States Trustee: ustpregion16.nd.ecf@usdoj.gov
Bank of America, Mark Domeyer, Esq.: mdomeyer@mileslegal.com
Richard J Bauer, Jr.: rbauer@mileslegal.com
Arnold L. Graff: ecfcacb@piteduncan.com
Cassandra J Richey: cmartin@pprlaw.net

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On __7/2/2013__, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Robin Riblet
1415 State Street / Courtroom 201
Santa Barbara, California 93101-2511

Ocwen Loan Servicing, LLC
1661 Worthington Rd. Suite 100
West Palm Beach, Fl 33409

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/2/2013 | Paulina Buitron | /s/Paulina Buitron |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                 **9013-3.1.PROOF.SERVICE**

| In re: Juan Manuel Montanez | Debtor(s). | CHAPTER 11<br>CASE NUMBER 9:12-bk-10834-RR |
|---|---|---|

Juan Manuel Montanez
102 North Hope Ave. Apt. 39
Santa Barbara, CA 93110

Eric Bensamochan, Esq.
Bensamochan & Poghosyan, LLP
16861 Ventura Blvd., Suite 300
Encino, CA 91436

American Express
American Express Special Research
Po Box 981540
El Paso, TX 79998

Apex Financial Management, LLC
1120 W Lake Cook Rd. Ste. A
c/o Equable Ascent Financial, LLC
Buffalo Grove, IL 60089

Asset Acceptance Llc
Attn: Bankruptcy
Po Box 2036
Warren, MI 48090

Bank Of America
Attention: Recovery Department
4161 Peidmont Pkwy.
Greensboro, NC 27410

Bank Of America, N.a.
450 American St
Simi Valley, CA 93065

Bank of America, N.A.
Attn: Brian Moynihan - C.E.O.
214 North Tryon St.
Charlotte, NC 28255

Capital One, N.a.
Capital One Bank (USA) N.A.
Po Box 30285
Salt Lake City, UT 84130

Chase
Po Box 24696
Columbus, OH 43224

Chase
Po Box 15298
Wilmington, DE 19850

Citi Banamex
2029 Century Park E Fl 4
Los Angeles, CA 90067

City Ntl Bk/Ocwen Loan Service
Attn: Bankruptcy
1661 Worthington Rd. Suite 100
West Palm Beach, FL 33409

Clietn Services, Inc.
3451 Harry S Truman Blvd.
Saint Charles, MO 63301

Credit Collection Services
c/o Farmers Insurance Group
Two Wells Ave., Dept. 9134
Newton Center, MA 02459

CT Corporation System
Bank of America, N.A.
Agent for Services of Process
818 W Seventh St.
Los Angeles, CA 90017

CT Corporation System
JPMorgan Chase Bank
Agent for Service of Process
818 W Seventh St.
Los Angeles, CA 90017

Discover Fin
Attention: Bankruptcy Department
Po Box 3025
New Albany, OH 43054

Hsbc/mscpi
Po Box 3425
Buffalo, NY 14240

JPMorgan Chase Bank
Attn: Jamie Dimon - C.E.O.
270 Park Avenue
New York, NY 10017

JPMorgan Chase Bank, N.A>
P.O. Box 24696
Columbus, OH 43224

Nationwide Credit, Inc.
2002 Summit Blvd., Ste. 600
Atlanta, GA 30319

Ntionwide Credit, Inc.
2002 Summit Blvd., Ste. 600
Atlanta, GA 30319

Portfolio Rc
Attn: Bankruptcy
Po Box 41067
Norfolk, VA 23541

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

| In re: | | CHAPTER 11 |
|---|---|---|
| Juan Manuel Montanez | Debtor(s). | CASE NUMBER 9:12-bk-10834-RR |

Protocol Recovery Services, Inc.
509 Mercer Ave.
c/o Resurgent Capital Services
Panama City, FL 32401

Sears/cbna
Po Box 6282
Sioux Falls, SD 57117

United Recovery Systems
5800 North Course Drive
Houston, TX 77072

United States Trustee
1415 State Street
Santa Barbara, CA 93101

Wells Fargo
Po Box 60510
Los Angeles, CA 90060

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1